■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM O. ALLEN, Appellant.—Judgment, Supreme Court, New York County, rendered September 17, 1979, convicting defendant after nonjury trial of counts of grand larceny in the second and third degrees (Penal Law, §§ 155.35, 155.30), and of falsifying business records in the first degree (Penal Law, § 175.10), and sentencing him thereon to concurrent terms of imprisonment on each count with a maximum of three years, is modified, on the law, to the extent of dismissing Count No. 5 of the indictment, and the judgment is otherwise affirmed. The case is remitted to the Supreme Court and defendant is directed to surrender himself to that court pursuant to CPL 460.50 (subd 5). In October, 1976 defendant's employer, Arthur C. Logan Memorial Hospial, went into chapter 11 bankruptcy proceedings. In November, 1976 the Bankruptcy Judge approved a weekly salary to defendant of $1,119.72 retroactive to the week ending November 12, 1976. Count No. 5 of the indictment charges a wrongful taking of excessive payroll checks for the calendar year 1977 "at a rate of compensation greater than that to which he was entitled, without the permission or authority of said hospital." However, it appears that the salary actually taken by defendant in 1977 was exactly equal to $1,119.72 times 57 (52 weeks and 5 weeks' salary in lieu of vacation). Thus the 1977 salary was at the rate approved by the Bankruptcy Court. Whether or not the Bankruptcy Court approved that rate under a misapprehension, we cannot say that for 1977 defendant took salary at a rate in excess of that authorized and approved, or that there was a sufficiently direct causal relationship between any implicit misrepresentation by silence and the payments under the order (cf. People v Kibbe, 35 NY2d 407), to warrant application of the criminal statutes as to larceny to payments received under the court's order. Accordingly Count No. 5 is dismissed. While this consideration also reduces the total amounts involved in Counts No. 1 (1974 to 1977) and No. 4 (1976), the reduced amount is still sufficient to constitute grand larceny in the second degree, the crimes charged in those counts. It is unnecessary to remand the case for resentencing because of our dismissal of Count No. 5 as it is quite clear that the Trial Judge's sentence on the other counts would not be affected by the dismissal of Count

No. 5. The trial court stated on sentencing that defendant had been convicted of larceny of over $100,000; the counts unaffected by the dismissal of Count No. 5 still leave him guilty of larceny of over $100,000. We have considered the other errors claimed and deem them to be without merit. Concur—Fein, J. P., Lupiano, Silverman, Bloom and Carro, JJ.